JL

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Michael Borowski, | No. CV 18-01127-PHX-DGC (JFM) |
| Plaintiff, | |
| v. | **ORDER** |
| Paul Penzone, et al., | |
| Defendants. | |

On April 12, 2018, Plaintiff Stephen Michael Borowski, who was then confined in a Maricopa County Jail and is now confined in the Arizona State Prison Complex-Yuma, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis. In an April 27, 2018 order, the Court granted the Application to Proceed and dismissed the complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the order.

On May 10, 2018, Plaintiff filed his First Amended Complaint. In a May 17, 2018 order, the Court dismissed the First Amended Complaint for failure to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the order.

….

….

Having not received a second amended complaint or a motion for extension of time, on July 6, 2018, the Clerk of Court dismissed this action with prejudice and entered Judgment. On July 9, 2018, Plaintiff filed a Motion for Extension of Time to File Amended Complaint. In a July 12, 2018 order, the Court vacated the July 6, 2018 Judgment, directed the Clerk of Court to reopen the case, and granted Plaintiff's Motion for Extension of Time. The Court gave Plaintiff 30 days to file a second amended complaint. On August 20, 2018, Plaintiff filed a Second Amended Complaint (Doc. 13). The Court will dismiss the Second Amended Complaint and this action.

**I.   Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's

specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## II. Second Amended Complaint

In his three-count Second Amended Complaint, Plaintiff sues Maricopa County Sheriff Paul Penzone, Inmate Legal Services Supervisor T. Kendell-House, Unknown Detention Officers and Supervisors, and "Unknown Parties." Plaintiff asserts claims relating to his mail and property, denial of access to the courts, a threat to safety, and denial of basic necessities. He seeks monetary relief.

In Count One, Plaintiff alleges that Defendants "continually put up obstacles" by providing conflicting information to resolve court cases and denying Plaintiff access to the courts by "knowingly, willfully and wantonly" denying him access to a law library to research the Arizona Rules of Criminal Procedure, the Arizona Revised Statutes, and case law. Plaintiff asserts that on several occasions, Defendants impaired his attempts to access legal supplies to resolve his court cases and fines not related to his criminal charge, "alway[s] referring [the] request to [his] criminal attorney." Plaintiff includes a chronology of requests he apparently sent to Inmate Legal Services and the responses he received, which indicates that Plaintiff repeatedly requested supplies, case information, access to legal sources and a law library, and copies of case documents, all of which were denied.

Plaintiff claims that "Defendants acted and continue to act under the color of the law" and violated his Eighth and Fourteenth Amendment rights. Plaintiff asserts that Defendants denied him access to a law library, information, legal supplies, and access to

- 3 -

courts and failed to take steps to remedy "this situation."  Plaintiff claims that Defendants showed indifference to his "serious request."  Plaintiff contends that Defendants owed a duty to him to abide by the law and knowingly and willfully violated his civil rights to access to a law library, information, courts, and legal supplies.  Plaintiff alleges that Defendants breached their duty and, as a direct and proximate result of Defendants' failure to provide access to a law library, information, courts, and "legal indigent supplies," Plaintiff suffered severe hardships, mental anguish, anxiety, emotional distress, stress, and undue suffering.

In Count Two, Plaintiff alleges that Defendants "denied access to new clean razors" and "failed to take steps to remedy [the] situation."  Plaintiff asserts that Defendants knowingly, willingly, and wantonly placed Plaintiff in continual danger by providing used razors.  Plaintiff claims that on several occasions, he was provided razors with hair in between the razor blades.  Plaintiff alleges that the razors have an embossed number on the inside neck, "not from [the manufacturer] since never consist[e]nt except location."  Plaintiff claims that Defendants continually denied reusing razors, as stated by Officer McGill, who told Plaintiff that new razors were wrapped in cellophane and rubber-banded together.  Plaintiff asserts that Defendants failed to rectify this situation and repeatedly stated they "open[]ed new package."  Plaintiff again includes a chronology of events, including grievances he filed and the responses he received.  Plaintiff claims that he suffered extreme anxiety, mental anguish, stress, undue suffering, and hardship.

In Count Three, Plaintiff alleges that Defendants served hot meals at improper temperatures and served an inadequate diet that did not meet "minimum civilized measure of life necessity," causing physical weakness, mental deficiencies, mental anguish, stress, and undue hardship.  Plaintiff asserts that Defendants denied him a balanced diet, protein, carbohydrates, fats, fiber, minerals, and vitamins.  Plaintiff claims that meals that were supposed to be hot were served cold and contained insufficient calories.  Plaintiff alleges that the meals consisted of a small loaf of wheat bread, a

serving of peanut butter, a small packet of jelly, a piece of fruit (usually a small apple), a small package of six cookies, and a half pint of low fat milk.  Plaintiff asserts that the second meal consisted of a serving of soy protein with bits of vegetables, potatoes and/or beans from the previous dinner, a serving of mashed/powdered potatoes with pieces or bits of whole potatoes, or rice or whole beans, a serving of vegetables consisting of broccoli stacks, unwashed carrots, green beans, or a medley of all three with cauliflower stalks, a roll of wheat bread, a teaspoon of margarine, a piece of fruit, and another packet of cookies.  Plaintiff claims that the second meal was consistently served cold "and unable to correct issue because stepped out of line before becoming aware of temperature per MCSO policy."  Plaintiff alleges that he received this diet for eight months, which caused high estrogen levels that produced gynecomastia, low testosterone levels, excess weight gain, low energy levels, sluggish thinking, and damage to his physical, emotional, and mental health.

**III. Failure to State a Claim**

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff does not connect any of the allegations in the complaint to any named Defendant.  Instead, Plaintiff refers to "Defendants" collectively, without any factual specificity as to what any particular Defendant did or failed to do.  Such vague and conclusory allegations are insufficient. *See Marcilis v. Township of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (upholding dismissal of *Bivens* complaint that referred to all defendants "generally and categorically" because the plaintiff had failed to "'allege, with

particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right.'" (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008))); *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."). Because Plaintiff has failed to state a claim against any named Defendant, the Court will dismiss the Second Amended Complaint.

**IV.    Dismissal without Leave to Amend**

Because Plaintiff has failed to state a claim in his Second Amended Complaint, the Court will dismiss his Second Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1)    Plaintiff's Second Amended Complaint (Doc. 13) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2)    The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3) The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 17th day of September, 2018.

*David G. Campbell*
David G. Campbell
Senior United States District Judge